JOHN KISSINGER V. THE STATE.

No. 16552.   Delivered April 25, 1934.

The opinion states the case.

*John L. Poulter,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of an automobile; the punishment, confinement in the penitentiary for two years.

Someone stole Roscoe Eubank's automobile and stripped it of its battery, top, wheels and other parts. The stolen parts were found in a trailer belonging to Otis Rich, who at the time of the discovery was riding in his (Rich's) car with appellant and Bessie Myers. The trailer was attached to the car, and covered, and the automobile parts were hidden from view. Upon being stopped by the sheriff, Rich told him that the trailer had furniture in it.

After his arrest Rich stated to the authorities that appellant and Bessie Myers had nothing to do with the automobile parts found in his trailer. Rich had theretofore been tried, and, upon a plea of guilty, had been convicted and was serving his term at the time he testified on the present trial. There had been one or more previous trials of appellant, in which the State had not used Rich as a witness. Upon the present trial he was brought back from the penitentiary and testified that he and appellant stole the automobile. He testified, further, that when he first went to the penitentiary he thought that he might secure a pardon, but had lost hope.

Appellant did not testify in his own behalf. Bessie Myers gave testimony to the effect that appellant was not present at the time the automobile was stolen and had nothing to do with the transaction. Other witnesses for appellant testified that appellant was with them on the occasion of the theft and could not have committed the offense. Several witnesses testified that Rich had a flat tire as he was coming into town and that after aiding him in fixing the tire appellant got in the car with him (Rich) and Bessie Myers for the purpose of traveling with them.

As shown in bill of exception No. 9, on cross-examination of Otis Rich, the accomplice witness, appellant's counsel sought to question him concerning his motive in appearing and testifying against appellant. Upon the jury being retired for the purpose of determining the admissibility of the testimony, the following questions were asked the witness by appellant's counsel:

"Q. I will ask you if when she (Bessie Myers) come to see you if you didn't tell her these matters: That you were in the penitentiary and that you had a case hanging over you at Ver-

non and two cases hanging over you at Fort Worth, and that you had, it looked like, nobody to help you get out of it; did you tell those things? A. No, sir.

"Q. I will ask you if you didn't tell her that you had been in communication with Ed Gossett, the District Attorney of this district? A. No, sir.

"Q. Didn't you tell her in that conversation that he had promised you if you would come and testify against John Kissinger he would get you out of the penitentiary? A. I did not.

"Q. And didn't you tell her that he promised to get dismissed the cases at Vernon and Fort Worth if you would come and testify against John Kissinger. A. I did not.

."Q. And then didn't you tell her that if I would not help you to get out you were going to take Gossett's proposition up and come up here and testify against John Kissinger? A. I did not."

After propounding the foregoing questions counsel advised the court that he desired to ask the questions before the jury for the purpose of laying a predicate for impeaching the witness, and that he could and would put on witnesses to impeach the witness' answer to each of said questions. The court replied: "Well, it is all collateral matter, and has got nothing to do with this law suit; the testimony does not propose to show that he would come up here and testify falsely against John Kissinger (the appellant). You simply asked him if he didn't say to her that he would come up here and testify against John Kissinger." The State's objection was sustained. We think the questions were proper. It is well settled that the motives operating upon the mind of a witness are never regarded as immaterial or collateral matters. "The animus, motive, or ill-will of a prosecuting witness who testifies to facts hurtful to defendant is never a collateral or irrelevant inquiry, and the defendant may show by such witness, or by himself, or by others if necessary, why the witness became unfriendly with him." Branch's Annotated Penal Code, sec. 163; Green v. State, 111 S. W., 933; Brownlee v. State, 87 S. W., 1153. In view of the fact that the State relied largely upon the testimony of the witness for a conviction, we are unable to reach the conclusion that it was not prejudicial error for the court to refuse to permit appellant to cross-examine said witness before the jury as to his motives in testifying for the State.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.