Jesse Joe KOEHLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 767–83.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 17, 1984.

Fred J. Manning, San Antonio, for appellant; David K. Chapman, San Antonio, of Counsel.

Bill M. White, Dist. Atty., and Ron Mata, Lawrence J. Souza and Charles B. Tennison, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

The record reflects that Jesse Joe Koehler, the appellant, was convicted by a jury of committing the offense of murder. Punishment was also assessed by the jury at life imprisonment in the penitentiary. On appeal, appellant asserted that the trial judge had erred when he refused to allow his trial counsel, Hon. Julietta Marquez, the opportunity to cross-examine Verna Blackwell,[1] a State's witness, about certain "incidents" that had occurred in the past between him and Blackwell, which appellant claims would have established that the reason Blackwell testified against him as she did was because she had malice, ill feeling, ill will, bias, prejudice, or animus towards him.

The San Antonio Court of Appeals refused to review appellant's contention after it concluded that the record did not establish the nature of Blackwell's excluded testimony. *Koehler v. State*, 653 S.W.2d 617 (Tex. App.-San Antonio 1983). We find that we must disagree with that conclusion. Our examination of the record reflects that appellant clearly perfected his error. Therefore, we will set aside the holding, consider the issue, and reverse the judgment of the court of appeals.

The record before us reflects that prior to the cross-examination of Blackwell by Ms. Marquez, but outside the presence of the jury, the following transpired between counsel for appellant, the prosecuting attorney, and the trial judge:

MR. MATA (the prosecuting attorney): Judge, Ms. Marquez (defense counsel) now has the witness [Blackwell] on cross examination and from the first trial I know that Ms. Marquez will try to get into specific acts of misconduct. I would like to have a hearing in front of the court regarding exactly what Ms. Marquez—

THE COURT: That's why we are here. Let's have the hearing. What is it that you want to ask this lady?

MS. MARQUEZ (defense counsel): Judge, incidents where she had attacked Mr. Koehler [the appellant] in public, throwing drinks at him and tried to attack girls that have been in his company at clubs and different things of that na-

---

1. The record reflects that Blackwell was appellant's former girlfriend and was a critical witness for the State at his trial, which was the second trial appellant underwent. The first tri-al ended in a mistrial when the jury in that cause could not reach a verdict regarding appellant's guilt.

ture and I want to show motive and prejudice.

THE COURT: You don't mind her telling about him if you want to show her character?

MS. MARQUEZ: We have not put his reputation in issue. We are saying she is testifying because she has a motive, she is prejudiced, attacked him on numerous occasions and attacked other women he has been with.

THE COURT: She [Blackwell] is going to have the right to tell about him [the appellant], what he has done to her and other women that she knows about. It works both ways. I understand you have a right, but she [Blackwell] has a right to know about certain things he has done. Besides, that is not material. That would be subject to introduction anyway, what she has done to the people.

MR. MATA: That's our position, what—involvement between her and other people has no relevancy.

MS. MARQUEZ: It does insofar as it shows her animosity and prejudice, Your Honor.

MR. MATA: Against other people, but not against the defendant.

THE COURT: It may show what she has done against other people. What has she done against him?

MS. MARQUEZ: She has attacked him publicly.

THE WITNESS: Not half as much as he has attacked me.

MS. MARQUEZ: I am not talking to the witness. I am talking to the Court. She

has thrown drinks, chairs in public at him.

THE COURT: She will have to tell him why she did it. She did it because he did it and we will have an open thing and it will be all up to him.

MR. MATA: I am sorry to interrupt. This is 'what happened in the first trial.

THE COURT: This is the first trial. What happened in the first trial has no bearing in this case and I don't think it is proper and I will rule it out. Let's have a fifteen minute recess.[2]

Thereafter, appellant's counsel cross-examined Blackwell. However, due to the trial judge's ruling, counsel did not cross-examine Blackwell about any "incidents" that had occurred in the past which had involved Blackwell and appellant, such as Blackwell "attacking appellant in public, throwing drinks at him and trying to attack girls that had been in his company and different things of that nature..."

In *Harris v. State,* 642 S.W.2d 471, 479–480 (Tex.Cr.App.1982), this Court expressly pointed out that "an appellant is not restricted to any one method in showing any fact which would tend to establish ill feeling, bias, motive and animus on the part of a witness against him... And finally, lest it be forgotten that the error committed in the first instance was the denial of an opportunity to propound questions in the presence of the jury, we quote from *Spain v. State,* 585 S.W.2d 705, 710 (Tex.Cr.App. 1979): 'Just as *Alford v. United States,* 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931), held that a defendant is not required to show what facts the cross-examination

---

2. A transcription of the first trial was in evidence when the above colloquy occurred, but it had been placed into evidence for another reason. The record is clear, however, that trial counsel for appellant never referred to the transcription during the above colloquy, nor did the prosecuting attorney nor did the trial judge, who was other than the judge who presided over the first trial. Unquestionably, had counsel for appellant referred to the transcription of the first trial, and showed the trial judge what she had been permitted to do at the first trial, this probably would have made this record clearer, regarding her plea to the trial judge to let her cross-examine Blackwell about prior "in-

cidents" which she asserted had occurred between appellant and Blackwell. Nevertheless, from the above colloquy, it is obvious to us that Mr. Mata, the prosecuting attorney, who was also the prosecuting attorney at the first trial, clearly understood in which direction Ms. Marquez was trying to go. A review of the transcription of the first trial reflects that Ms. Marquez was permitted to go into great deal during her cross-examination of Blackwell about the prior relationship that appellant and Blackwell had had, which cross-examination included questioning her about "incidents" that had occurred between her and appellant, both in and out of the public eye.

would have revealed in order to establish prejudice, the appellant in the present case [was] not required to show that his cross-examination would have affirmatively established the facts sought.' "

We find in this instance that the holding of the court of appeals, that "In the absence of a formal or informal bill of exception or a transcription of the court reporter's notes showing the nature of any excluded testimony and objections and exceptions made, no error [was] preserved for review," conflicts with what this Court stated in *Harris v. State*, supra. We believe that counsel's offer of proof was the equivalent to a promise that if she was permitted to do so, she would have cross-examined Blackwell on such subjects as Blackwell attacking "Mr. Koehler in public, throwing drinks at him and [that Blackwell had] tried to attack girls that had been in his company and different things of that nature..."

 We point out that the situation at bar is not the same as that where a defendant desires to elicit certain, specific responses from State's witness, but is precluded from doing so by the trial court. In that instance, it is incumbent upon the defendant to either call the witness to the stand and have him testify and answer the specific questions counsel desires to have answered, see *Simmons v. State*, 548 S.W.2d 386, 388 (Tex.Cr.App.1977); *Bolden v. State*, 489 S.W.2d 300, 303 (Tex.Cr.App. 1972), or the defendant must make an offer of proof of the questions he would have asked and the answers he might have received had he been permitted to question the witness in the presence of the jury. See *Cook v. State*, 646 S.W.2d 952, 953 (Tex.Cr.App.1983). Also see Art. 40.09, Sec. 6(d)(1), V.A.C.C.P.

Thus, the case at bar does not involve the issue of a trial judge refusing to permit a witness to answer specific questions. Instead, the issue before us concerns whether counsel for appellant was denied the opportunity to question the State's witness Blackwell in the presence of the jury about certain subject matters that might have shown that she had malice, ill feeling, ill will, bias, prejudice, or animus towards appellant.

 As this Court pointed out in *Harris v. State*, supra, in order for a defendant to perfect this type error for appellate review purposes he is not required to show that his cross-examination would have affirmatively established the facts sought; he must merely establish what subject matter he desired to examine the witness about during the cross-examination. Of course, any question asked of a witness on cross-examination, *which might have a tendency to affect the witness' credibility*, is always a proper question. *Harris v. State*, supra.

 It is now self-evident in these United States that one of the great constitutional rights an accused has is the right to confront and cross-examine the State's witnesses in a public forum. *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). Thus, "[g]reat latitude should be allowed the accused in showing any fact which would tend to establish ill-feeling, bias, motive and animus upon the part of any witness testifying against him," *Blair v. State*, 511 S.W.2d 277, 279 (Tex.Cr.App.1974), also see *Wood v. State*, 486 S.W.2d 359 (Tex.Cr.App.1972), when the purpose of the cross-examination is to bring out facts which will give to the jury the attitude, motive and interest which might affect the credibility of the witness, *Jackson v. State*, 482 S.W.2d 864, 867 (Tex. Cr.App.1972). Unquestionably, "[t]he motives which operate upon the mind of a witness when he testifies are never regarded as immaterial or collateral matters." *Blair v. State*, supra, at 279. Furthermore, "[e]vidence to show bias or interest of a witness in a cause covers a wide range and the field of external circumstances from which probable bias or interest may be inferred is infinite. The rule encompasses all facts and circumstances which, when tested by human experience, tend to show that a witness may shade his testimony for the purpose of helping to establish one side of the cause only." *Jackson v. State*, supra, at 868. Also see *Harris v.*

*State,* 642 S.W.2d 471 (Tex.Cr.App.1982); *Steve v. State,* 614 S.W.2d 137, 140 (Tex.Cr.App.1981); *Hooper v. State,* 494 S.W.2d 846, 848 (Tex.Cr.App.1973); *Wood v. State,* 486 S.W.2d 359 (Tex.Cr.App.1972); *Blake v. State,* 365 S.W.2d 795 (Tex.Cr.App.1963); *Barr v. State,* 128 Tex.Cr.R. 652, 83 S.W.2d 998, 999 (1935); *Kissenger v. State,* 126 Tex.Cr.R. 182, 70 S.W.2d 740 (1934); and *O'Neal v. State,* 57 Tex.Cr.R. 249, 122 S.W. 386 (1909).

■ We also point out that the right of cross-examination by the accused or his counsel of a State's witness, for the purpose of affecting the witness' credibility, is at least dual: "A witness may be asked *any* question, the answer to which may have a tendency to affect his credibility. *And* if he denies anything that would show a motive for, or animus to, testify against a party, it *may be shown* by other witnesses and by independent facts." *Harris v. State,* supra, at pages 476–477, quoting from *Jackson v. State,* supra. [Emphasis added.]

■ In this instance, the State's witness Blackwell was not an unimportant witness to the State's case.[3] We find from the proffer that appellant's trial counsel made to the trial judge that she made it known that she wanted to cross-examine Blackwell about her "attacking appellant in public, throwing drinks at him and trying to attack girls that had been in his company and different things of that nature." Notwithstanding that her proffer was made in general terms, the law did not require her "to show what [specific] facts the cross-examination would have revealed..." *Harris v. State,* supra. We find that the general subjects to which she referred might have shown, if established, malice, bias, ill feeling, animus, or prejudice on the part of Blackwell towards appellant.

■ We therefore hold that the trial court erred in refusing appellant the opportunity to present through her cross-examination of Blackwell that which might have shown malice, interest, animus, ill will, ill feeling, bias, prejudice, or any other mental state or status on her part which, fairly construed, might have tended to affect Blackwell's credibility. The subject matters which appellant's counsel sought to cross-examine Blackwell about unquestionably might have not only established a motive for her testifying as she did, but it could have additionally served as a predicate for further testimony that might have impeached her. *Hooper v. State,* supra, fn. 1, at p. 848. Thus, the proffered cross-examination, which would have gone to Blackwell's feelings, whether real, imagined, or feigned, towards appellant, could have affected the jury's decision in judging her credibility, and thus would have been proper cross-examination. See *Wood v. State,* supra, at page 362. Also see *Seal v. State,* 496 S.W.2d 621 (Tex.Cr.App.1973). The trial court erred in refusing to permit appellant's counsel the opportunity to cross-examine Blackwell on the subject matters she proffered.

The judgment of the court of appeals is reversed and the cause remanded to the trial court.

ONION, P.J., and W.C. DAVIS and CAMPBELL, JJ., dissent.

CLINTON, Judge, concurring.

This Court granted the petition for review in order to determine whether the San Antonio Court of Appeals correctly overruled grounds of error five and six on its finding that under the circumstances shown in the record "no error is presented for review." *Koehler v. State,* 653 S.W.2d 617, 622–623 (Tex.App.—San Antonio 1983).

A significant aspect of the constitutional principle of due process is implicated here. *Alford v. United States,* 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931), *viz:*

"It is the essence of a fair trial that reasonable latitude be given the cross-examiner, *even though he is unable to*

---

**3.** We point out that if the jury had believed Blackwell's testimony that appellant had admitted to her that he had killed *someone* on the night in question, this would have furnished a vital link in the circumstantial chain of evidence the State had against appellant.

*state to the court what facts a reasonable cross-examination might develop.* Prejudice ensues from a denial of the opportunity to place the witness in his proper setting and put the weight of his testimony and his credibility to a test, without which the jury cannot fairly appraise them. [Citations omitted]. To say that prejudice can be established only by showing that the cross-examination, if pursued, would necessarily have brought out facts tending to discredit the testimony in chief, is to deny a substantial right and withdraw one of the safeguards essential to a fair trial. [Citations omitted]." [1]

*Id.,* U.S. at 692, S.Ct. at 219. "Erroneous denial of this right to confrontation is 'constitutional error of the first magnitude and no amount of showing of want of prejudice [will] cure it.' *Davis v. Alaska,* 415 [U.S. at 318, 94 S.Ct. at 111; *Evans v. State,* Tex.Cr.App., 519 S.W.2d 868." *Spain v. State,* 585 S.W.2d 705, 710 (Texas Cr.App. 1979). Accordingly, the *Spain* Court held that when the trial court refused to permit defendant to question an adverse witness about a plea bargain, under *Alford* he is *"not required to show that his cross-examination would have affirmatively established the facts sought," ibid.*

Thus, I agree with Judge Teague that the court of appeals erred in applying against appellant the general rule laid down when cross-examination has merely been "limited;" e.g., *Barnett v. State,* 615 S.W.2d 220, 222–223 (Tex.Cr.App.1981), cited by the court of appeals.

Accordingly, the court below should not have reached the point of whether appellant had complied with "the alternative method of making *informal bills of exception*" permitted by Article 40.09, § 6(d)(1), V.A.C.C.P. Nevertheless, it also erred in its treatment of that matter. First, the court said;

"A bill of exception must be complete within itself and must stand or fall by its own allegations. The bill must plainly set out any error sought to be preserved for review. *Garza v. State,* 622 S.W.2d 85, 89 (Tex.Cr.App.1981); *Herrin v. State,* 525 S.W.2d 27, 29 (Tex.Cr.App. 1975) (Opinion on State's Motion for Rehearing)." [2]

Both authorities cited specifically show that at issue was a purported *formal bill of exception* provided for in § 6(a) of Article 40.09, supra, rather than an "informal" one.

Next, the court of appeals interprets but two selective portions of *remarks made by the trial judge* during the hearing conducted outside the presence of the jury, and finds that the first may not be construed "as a ruling excluding proffered testimony," nor the second "as limiting the cross-examination in the present trial of the witness Blackwell." Ordinarily we should not quibble with a court of appeals about such constructions made by it of portions of the record, but when the problem is of constitutional dimension this Court is fully justified in making an independent determination from its own examination, and to that I now turn.

The colloquy between court and counsel is set out completely in the opinion of the court of appeals and by Judge Teague in his opinion, and need not be reprised here. Suffice to say that upon being informed by the prosecutor that the "problem" was that "from the first trial I know that [appellant's counsel] will try to get into *specific acts of misconduct*" and he wanted a hearing, the court interrupted to say, "Let's have that hearing," and inquired of appellant, "What is it you want to ask this lady?" Counsel for appellant alluded to "incidents where she had attacked Mr. Koehler in public, throwing drinks at him and tried to attack girls ... in his company and different things of that nature" in or-

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

2. It is of little moment, but I note that the *Garza* opinion alluded to was handed down on rehearing, whereas *Herrin* is a panel opinion that did not get to rehearing.

der to show that Blackwell "is testifying because *she has a motive, she is prejudice[d]*" against appellant. Asked to say what "she [has] done against him," counsel responded, "She has attacked him publicly ... she has thrown drinks, chairs in public at him." The trial judge pondered out loud that if he allowed such testimony "we will have an open thing," and after the prosecutor interrupted to say "This is what happened in the first trial," the court concluded, "I don't think it is proper and I will *rule it out.*"

Section 6(d)(1), supra, provides in pertinent part:

"The court, in its discretion, may allow an offer of proof *in the form of a concise statement* by the party offering the same *of what the excluded evidence would show,* to be made before the reporter out of the presence of the jury as an alternative method of causing the record to show such excluded testimony ... and *the same shall be accepted on appeal as establishing what such excluded testimony ... would have consisted of had it been admitted into evidence.*"

It is at once plain that the trial judge here invited just such an offer of proof, and that counsel for appellant concisely stated testimony of Blackwell would show she had committed acts of violence against appellant and his female companions; later when the judge asked for a statement of what Blackwell had done against appellant, counsel reiterated factually that "she *has* thrown drinks, chairs in public at him," and as the judge worried about having "an open thing," the prosecutor *confirmed and verified appellant's factual statements,* and perhaps the concern voiced by the court as well, by telling the judge, *"This is what happened* in the first trial." Therefore, the offer of proof *concisely* states factually what the excluded testimony would show, and the court of appeals should have accepted that method of establishing its content.

While under *Alford* and *Spain,* among many other authorities, an offer of proof of motive for her direct testimony and prejudice harbored against appellant by Blackwell was utterly unnecessary, it is in the record; the errors complained of in appellant's fifth and sixth grounds have been properly presented to the court of appeals for review. See *Harris v. State,* 642 S.W.2d 471, 479–480 (Tex.Cr.App.1982).

For these reasons, I concur.