COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-092-CR
 
OSCAR MENDEZ                                                                         APPELLANT
V.
THE STATE OF TEXAS                                                                         STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Oscar Mendez was convicted by a
jury of the offenses of aggravated sexual assault of a child and indecency with
a child, enhanced by one prior felony conviction. Tex. Penal Code Ann. § 22.021
(Vernon 2003). The trial court assessed concurrent thirty-year and twenty-year
sentences at the punishment phase of the trial. Two points are presented on
appeal: (1) whether the trial court abused its discretion in limiting defense
counsel's cross-examination of the victim regarding her medical records; and (2)
whether the trial court abused its discretion in permitting the State to
introduce evidence of the victim's sexual assault medical examination. We will
affirm.
Background
The testimony established that appellant
sexually assaulted A.S., a child under the age of fourteen, by inserting his
finger into her vagina. The evidence also established that during the course of
the same incident, appellant exposed his genitals to A.S. Both offenses occurred
when A.S. spent the night with several girls at the apartment of Joni Moran, the
mother of one of the girls. During the night appellant, who was an acquaintance
of Ms. Moran, entered the girls' bedroom and engaged in the illegal conduct
described above. The evidence at trial was overwhelming. Not only did A.S.
testify against him, Ms. Moran testified she interrupted the offenses in
progress when she entered the bedroom, and that appellant had subsequently
attempted to explain that his pants were down because A.S. "kept on asking
him to show it to her."
Restriction of
Cross-Examination
In point one appellant contends he was
denied the right to present a defense and confront his accuser when the trial
court prohibited him from questioning the victim about things contained in her
medical records. Appellant's specific complaints are that the trial court abused
its discretion in prohibiting him from questioning the victim about: (1) her
ability to accurately relate events due to the effect of medications she was
taking at the time of trial; (2) the fact that she had been abused by her
mother's boyfriend before, during, and after the time appellant was alleged to
have sexually assaulted her; (3) hallucinations she was suffering concerning a
man entering her bedroom at night; and (4) instances of "bizarre
behavior" that were relevant and probative on the matter of her competency
to testify.
Preservation of Error
In Koehler v. State, 679 S.W.2d 6
(Tex. Crim. App. 1984), the Texas Court of Criminal Appeals pointed out that for
purposes of appellate review concerning issues involving excluded evidence,
there is a distinction between the situation where the defendant desires to
elicit certain, specific responses from a State's witness but is precluded from
doing so by the trial court, and the situation where the defendant desires to
elicit certain, specific responses from a State's witness about a certain
general subject matter that might affect the witness's credibility. In the
former situation, to preserve error for appellate review, the defendant is
required either to have the witness testify and answer the specific questions he
desires the witness to answer in the presence of the jury or the defendant must
make an offer of proof of the questions he would have asked and the answers he
expected to receive had he been permitted to question the witness in the
presence of the jury. Id. at 9. However, in the latter situation, when
the issue before the appellate court is whether counsel for appellant was denied
the opportunity to question the testifying State's witness in the presence of
the jury generally about what might have affected her credibility, to preserve
the error, the defendant need not show what his cross-examination of the witness
would have affirmatively established; he must merely establish what general
subject matter he desired to examine the witness about during his
cross-examination and, if challenged, show on the record why such should be
admitted into evidence. Id.
Standard of Review
The trial court maintains broad discretion
to impose reasonable restrictions on cross-examination to avoid harassment,
prejudice, confusion of the issues, endangering the witness, and the injection
of cumulative or collateral evidence. Lagrone v. State, 942 S.W.2d 602,
613 (Tex. Crim. App.), cert. denied, 522 U.S. 917 (1997). In addition,
before evidence is deemed admissible, it must be relevant as defined by rule 401
of the Texas Rules of Evidence. Tex. R. Evid. 401. Evidence is relevant if it
has "any tendency to make the existence of any fact that is of consequence
to the determination of the action more probable or less probable than it would
be without the evidence." Id. In determining whether evidence is
relevant, courts look to the purpose for offering the evidence and whether there
is a direct or logical connection between the offered evidence and the
proposition sought to be proved. Reed v. State, 59 S.W.3d 278, 281
(Tex. App.--Fort Worth 2001, pet. ref'd).
A. Medications taken by the
victim at the time of trial.
Appellant contends that if he had been permitted to question the victim about
prescribed drugs that the medical records indicated A.S. was taking "at the
time of her testimony," such evidence would have raised a question
concerning her ability to perceive events and testify at trial. Appellant's
brief contains only a general citation to "Defendant's Exhibit 6" to
support his allegation that the medical records showed A.S. was, in fact, taking
medications at the time of trial. That exhibit consists of 290 pages of medical
and academic records. Our exhaustive review of the exhibit fails to convince us
that appellant is correct in his assertion that A.S. was taking medications at
the time of trial, much less that those medications could have rendered her
incompetent to relate past events. Appellant's trial began on February 12, 2001.
Although Defense Exhibit 6 contains academic records extending into the year
2001, the medical records contained in the exhibit all appear to concern medical
treatment rendered in 2000. At the time the issue was presented in the trial
court, the court noted that some of the medical records extended as far back as
January of 2000, and that the court failed to see how questioning A.S. about the
type of medicines she had taken was relevant to any issue in the case. We agree.
Absent a specific record citation establishing the basis for appellant's
assertion that A.S. was taking medications at the time of trial that could have
rendered her unable to correctly relate past events, we hold the trial court was
well within its authority in prohibiting the proffered area of
cross-examination.
B. The victim's prior sexual
history.
Appellant contends that the trial court abused its discretion when it prevented
him from questioning A.S. about references in her medical records indicating
that she had previous sexual relations when her mother's boyfriend, Charles
Kelly, who molested her. Appellant alleges information about the relationship
contained in the medical records was necessary to show that A.S. may have named
appellant as her abuser in an effort to please Kelly, so that she might
"reunite with her family." We disagree. First, the medical records
uniformly reflect that A.S. had expressed the desire that her mother end her
relationship with Kelly; the records do not indicate that A.S. wished to reunite
with him. Second, even if A.S. had testified that she had been sexually
assaulted by Kelly, the trial court was authorized to exclude such prior sexual
history on the ground that it was not relevant or probative to the question of
whether she had also been sexually assaulted by appellant. See Lopez v.
State, 18 S.W.3d 220, 225-26 (Tex. Crim. App. 2000). To hold that a trial
court was required to permit questions of prior sexual history because the
victim may have been attempting to please a prior offender would be tantamount
to requiring the admission of such evidence in all cases, because a possible
connection, however strained, could always be established by the defense.
Finally, we note that the trial court
specifically permitted appellant to cross-examine A.S. about possible
hallucinations in which she allegedly imagined a man (who she admitted was not
appellant) entering her room at night with the intent to assault her, and that
defense counsel did in fact question her about those hallucinations. Appellant's
complaint that there were other instances of "bizarre" behavior
reflected in the medical records that he wished to question A.S. about is
equally unavailing. The one specific instance mentioned by appellant in his
appellate brief concerned an occasion when A.S. "crawled around and barked
like a dog." Put into proper context, appellant's proffered area of
questioning concerned one singular entry in the medical records in which a
medical staffer noted that the thirteen-year-old A.S., who during much of 2000
was being treated, housed, and educated in a medical environment, one night was
"barking like a dog and acting 'silly'." We perceive no abuse of
discretion in the trial court's restriction in cross-examination of behavior
consistent with that normal to a thirteen-year-old child. After careful review
of the appellant's complaints under the appropriate standards, we find no abuse
of discretion on the part of the trial court in the limitations it placed on
defense counsel during cross-examination of the victim. No abuse of discretion
having been shown, appellant's first point is overruled.
Victim's Sexual Assault
Medical Records
In point two appellant contends the trial
court abused its discretion in permitting the State's introduction of medical
records concerning the victim's sexual assault examination. Two specific
complaints are advanced: (1) the State failed to lay the proper predicate by
failing to ask the sponsoring witness whether the records were made at or near
the time by, or transmitted by, a person with knowledge; and (2) the State
failed to comply with the fourteen- day notice requirement of rule 902(10). See
Tex. R. Evid. 902(10) (extrinsic evidence of authenticity not required if notice
is deemed to have been given fourteen days prior to commencement of trial).
When reviewing a trial court's decision to
admit or exclude evidence, an appellate court must afford a trial court great
discretion. Montgomery v. State, 810 S.W.2d 372, 378-79 (Tex. Crim.
App. 1990). Thus, we review a trial court's ruling on the admissibility of
evidence under an abuse of discretion standard. Angleton v. State, 971
S.W.2d 65, 67 (Tex. Crim. App. 1998). The trial court's ruling will be upheld as
long as it is within the "zone of reasonable disagreement." Weatherred
v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). Here, appellant
complains of the trial court's decision permitting the introduction of the
victim's post-sexual-assault medical examination records.
Although appellant made a hearsay
objection to the medical records at trial, no objection was made on the basis of
either complaint made on appeal. Because the error claimed on appeal does not
comport with the trial objection, appellant's point was not properly preserved
for appellate review. See Sterling v. State, 800 S.W.2d 513, 521 (Tex.
Crim. App. 1990), cert. denied, 501 U.S. 1213 (1991).
Even if the complaints had been preserved,
appellant's point would be properly overruled. The affidavit submitted with the
tendered record indicates the medical entries were made by "an employee or
representative of Cook Children's Medical Center with knowledge of the act,
event, condition, or diagnosis, recorded to make the record or to transmit
information thereof to be included in such record, and the record was made at or
near the time or reasonably soon thereafter." Moreover, nothing in the
record indicates that the fourteen-day notice requirement for
self-authentication under rule 902 was not complied with. Finally, even if less
than fourteen-days notice had been given, the State's chosen method of
introduction of the medical records at trial did not require self-authentication
under rule 902 because the State relied on an in-court predicate established by
the testimony of Dr. Jayme Coffman, the medical director of the CARE Team at
Cook Children's Medical Center. Point two is overruled.
The trial court's judgment is affirmed.
 
                                                                        PER
CURIAM
 
PANEL F: DAVID L. RICHARDS, J. (Sitting by
Assignment); HOLMAN and GARDNER, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: March 27, 2003

1. See Tex. R. App. P. 47.4.