NUMBER 13-03-242-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

TRACEY MICHELLE WILSON,                                                   Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                      

On appeal from the 263rd District Court of Harris County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Yañez
 
          A jury convicted appellant, Tracey Wilson, of forgery of a commercial instrument



and assessed punishment at eighteen months confinement and a $2000.00 fine. By two
issues, appellant challenges her conviction. She contends that the trial court erred in
limiting cross-examination of the State’s witness and that her trial counsel was ineffective
because she: (1) erroneously elicited inadmissible hearsay; and (2) allowed Officer Bryant
to state that in his opinion, appellant was the right person to be charged with forgery. We
affirm.
          The record contains the trial court’s certification that this case is not a plea-bargain
case, and the defendant has the right of appeal. See Tex. R. App. P. 25.2(a)(2). 
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of the Court’s decision and the basic reasons for it. See Tex. R. App. P. 47.4.
          By her first issue, appellant argues specifically that the trial court erred by sustaining
an objection that limited cross-examination of the State’s witness, Lonnie Guinn. 
Appellant’s counsel was attempting to show that Guinn misidentified appellant as the
person who committed forgery. Appellant claims that in sustaining the objection, the trial
court unconstitutionally denied her the ability to adequately develop her defense theory.
          In order to preserve error for review, a defendant must make a bill of exception or
an offer of proof of the questions she would have asked and the answers she expected to
receive had she been permitted to question the witness further. See Tex. R. App. P. 33.2; 
Koehler v. State, 679 S.W.2d 6, 9 (Tex. Crim. App. 1984). Here, the record shows that
appellant failed to make a bill of exception or offer of proof. Appellant failed to preserve
this issue for review. Accordingly, appellant’s first issue is overruled.
          In her second issue, appellant contends that her trial counsel was ineffective 
because during cross-examination of Officer Bryant, she: (1) elicited inadmissible hearsay
testimony from Officer Bryant; and (2) asked Officer Bryant whether appellant was the right
person to be charged with forgery. 
          In order to prevail on a claim of ineffective assistance of counsel, appellant must
show by a preponderance of the evidence that: (1) trial counsel’s performance was
deficient in that it fell below the prevailing professional norms; and (2) the deficiency
prejudiced appellant, and but for the deficiency, a reasonable probability exists that the
result of the proceeding would have been different. See Strickland v. Washington, 466
U.S. 668, 687 (1980). A reasonable probability is a probability sufficient to undermine
confidence in the outcome. See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999). 
          The determination regarding whether a defendant received effective assistance of
counsel must be made according to the facts of each case. See id. at 813. An appellate
court looks to the totality of the representation and the particular circumstances of the case
in evaluating the effectiveness. Id.
           There is a strong presumption that counsel’s conduct fell within the wide range of
reasonable professional assistance. See Davis v. State, 930 S.W.2d 765, 767 (Tex.
App.–Houston [1st Dist.] 1996, pet. ref’d). To defeat the presumption of reasonable
professional assistance, “any allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged ineffectiveness.” 
McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). In most cases, a silent
record that provides no explanation for counsel’s actions will not overcome the strong
presumption of reasonable assistance. See Thompson, 9 S.W.3d at 813-14.
          Here, appellant failed to meet the first prong of Strickland. The record does not
show that a motion for new trial was filed based on ineffective assistance of counsel. 
Further, the record does not reflect why trial counsel elicited hearsay testimony or explain
trial counsel’s reason for asking Officer Bryant for his opinion. Consistent with Strickland,
we must presume that all significant decisions were made in the exercise of reasonable
professional judgment. See Strickland, 466 U.S. at 687. In light of the entire record, we
conclude that appellant has not met her burden of showing that trial counsel's assistance
was ineffective. Accordingly, appellant’s second issue is overruled.
          The judgment of the trial court is affirmed. 
 

                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice




Do not publish. Tex. R. App. P. 47.2(b).

Memorandum opinion delivered and filed this the
5th day of August, 2004.