**Affirmed and Memorandum Opinion filed February 7, 2013.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00653-CR

_____

**LESLIE FOSTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 1311757**

## MEMORANDUM OPINION

Appellant, Leslie Foster, appeals his conviction for evading arrest or detention with a motor vehicle. In three issues, appellant contends the trial court (1) violated appellant's constitutional right to confrontation by limiting his cross-examination of a witness, (2) erred by denying appellant's request for a jury

instruction pursuant to Texas Code of Criminal Procedure article 38.23, and (3) included improper language in the application paragraphs of the jury charge. We affirm.

## I. BACKGROUND

According to the State's evidence, at approximately 3:00 a.m. on January 28, 2011, Houston Police Officer Julissa Diaz responded to a dispatch reporting that two males were engaged in suspicious activity at an apartment complex, including stealing license plates and a truck-trailer combination. Officer Diaz noticed the men as they drove toward the exit of the complex. The trailer became detached from the truck, so the men walked to the back of the truck. Officer Diaz approached and asked for identification. The men reached inside the front doors of the truck as though obtaining their identifications and then "jumped" in the truck and sped away. Appellant was later identified as the passenger.

As the driver sped out of the complex, he almost struck a patrol car driven by Officer Jesus Thomas, who was also responding to the dispatch. With his lights and siren activated, Officer Thomas began chasing the truck. The driver sped onto a freeway, moved to the left across all lanes, and stopped on the shoulder in the middle of the freeway. The driver exited the truck and ran across the opposite lanes of traffic. The truck was still in gear, continued moving, and struck the center barricade. Officer Thomas chased the driver and apprehended him in a nearby parking lot.

Meanwhile, Officer Diaz next encountered the truck when it was already in the middle of the freeway. Appellant was now standing outside the driver's side while the truck was still moving. When Officer Diaz drew her gun and instructed appellant to raise his hands, he "jumped" in the truck and sped away. With her

2

lights and siren activated, Officer Diaz chased appellant as he exited the freeway, drove for some distance on city streets, ran several red lights, and struck two vehicles, while traveling over eighty miles per hour. Appellant finally stopped when the truck became disabled after striking the second vehicle. Officer Diaz and another officer, who had joined the chase, drew their guns and instructed appellant to show his hands and get on the ground. Appellant briefly appeared as though he intended to flee on foot and reached for something inside the truck, but he obeyed the officers' orders and was arrested.

A jury found appellant guilty of the state-jail felony offense of evading arrest or detention with a motor vehicle. After appellant pleaded "true" to two enhancement paragraphs, the trial court assessed punishment at seven years' confinement.

## II. ANALYSIS

### A. Limitation on Cross-Examination

In his first issue, appellant contends the trial court violated appellant's right to confrontation under the United States Constitution by limiting his cross-examination of Officer Diaz. We review a trial court's limitation of cross-examination under the abuse-of-discretion standard. *Sansom v. State*, 292 S.W.3d 112, 118 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). We do not disturb the trial court's ruling as long as it lies within the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991).

Appellant asserts that he sought to cross-examine Officer Diaz about allegedly inconsistent statements she made to the Internal Affairs Division ("the IAD") of the Houston Police Department which would have purportedly shown she had bias and motive to provide untruthful testimony at trial. Before appellant

3

began cross-examination of Officer Diaz, appellant informed the trial court outside the jury's presence that the IAD statement had been the subject of a motion in limine by the State but appellant wished to question Officer Diaz about the statement. Appellant argued that Officer Diaz was embellishing her trial testimony to protect fellow officers who were the subject of an IAD investigation regarding the incident because her testimony was "completely different" than her IAD statement. Appellant more specifically asserted that Officer Diaz reported in her IAD statement that appellant was ultimately arrested "without any incident," whereas Officer Diaz testified that the officers drew their guns to effect the arrest and appellant appeared as though he might run or obtain an object from the truck. The trial court denied appellant's request, remarking Officer Diaz's testimony "doesn't seem totally different" than the statement.

The State contends appellant failed to preserve error on his complaint because he did not make an offer of proof relative to the IAD statement. Although appellant apparently presented the statement to the trial court for its review, appellant did not make an offer of proof by placing the statement in the record for appellate review. The State cites Texas Rule of Evidence 103, providing that "[e]rror may not be predicated upon a ruling which . . . excludes evidence unless . . . the substance of the evidence was made known to the court by offer, or was apparent from the context within which questions were asked." Tex. R. Evid. 103(a)(2).

The State suggests appellant is complaining about exclusion of evidence whereas appellant expresses that he is complaining about general limitation of cross-examination. The Court of Criminal Appeals has recognized a distinction between a situation in which a trial court precluded a defendant from eliciting certain specific responses from a witness and a situation in which a trial court

4

precludes a defendant from questioning a witness about a certain general subject matter that might affect the witness's credibility. *See Virts v. State*, 739 S.W.2d 25, 29 (Tex. Crim. App. 1987) (en banc). When a trial court precludes a defendant from eliciting certain specific responses from a State's witness, the defendant preserves error by either (1) calling the witness to the stand outside the presence of the jury and having the witness answer specific questions or (2) making an offer of proof on questions he would have asked and answers he expected to receive. *See id.*; *Koehler v. State*, 679 S.W.2d 6, 9 (Tex. Crim. App. 1984) (en banc); *Stults v. State*, 23 S.W.3d 198, 203–04 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). However, when a trial court precludes a defendant from questioning a State's witness in the presence of the jury about an entire subject matter that might have affected her credibility, such as malice, ill will, motive, or bias, the defendant preserves error by stating the subjects on which he intends to question the witness and, if challenged, demonstrating why the evidence should be admitted. *See Virts*, 739 S.W.2d at 29; *Koehler*, 679 S.W.2d at 9; *Stults*, 23 S.W.3d at 204.

Although appellant uses the terms "bias" and "motive," the gist of his contention is that Officer Diaz's IAD statement and trial testimony were inconsistent. In particular, appellant apparently does not contend that the mere fact that fellow officers were the subject of an IAD investigation and Officer Diaz provided a statement to the IAD demonstrated bias or motive to embellish her trial testimony. To the extent appellant makes such a complaint, the trial court did not abuse its discretion by determining that these facts alone were insufficient to show Officer Diaz may have been untruthful at trial.

Rather, appellant sought to cross-examine Officer Diaz regarding the contents of her statement. However, it is unclear whether appellant sought to elicit certain, specific responses from Officer Diaz or generally cross-examine her about

5

the contents of the statement. Arguably, appellant's request falls under the former category because he presumably sought to have Officer Diaz admit she made certain statements to the IAD so that appellant could then argue her statements were inconsistent with her trial testimony. Regardless, under either scenario, appellant preserved error regarding, at most, only one portion of the statement—in which Officer Diaz allegedly reported that the officers ultimately arrested appellant "without any incident"; that is the only portion for which the contents are reflected in the record. Without appellant making an offer of proof by presenting the entire statement or articulating the contents of any other portions, we cannot determine whether the trial court abused its discretion by denying appellant's request to question Officer Diaz about any other portions.[1]

---

[1] In his appellate brief, appellant requests that we "grant a motion to have the trial court produce the IAD investigation for [our] review . . . ." However, appellant cites no authority authorizing such an order, assuming the trial court even retained the statement, and the Rules of Appellate Procedure governing supplementation of the record are inapplicable in this situation. If a relevant item is omitted from the clerk's or reporter's record, we may order the clerk or court reporter, respectively, to file a supplemental record containing the omitted item. *See* Tex. R. App. P. 34.5(c)(1), 34.6(d). However, these rules cannot be used to create a new record and apply only to items that were part of the trial record but not forwarded to the court of appeals. *See LaPointe v. State*, 225 S.W.3d 513, 522 (Tex. Crim. App. 2007). In the present case, the IAD statement was not part of the trial record in the first place because appellant did not make an offer of proof. In contrast, Rule 44.4 is designed to effect creation of a new record. *See id.*; *see also* Tex. R. App. P. 44.4 (providing that court of appeals must not affirm or reverse judgment if the trial court's erroneous action or failure or refusal to act prevents proper presentation of case to court of appeals and trial court can correct its action or failure to act). For instance, we may order the trial court to correct its error if it has prevented the defendant from submitting information necessary to evaluate his appellate claim, such as refusing to permit an offer of proof. *See LaPointe*, 225 S.W.3d at 522. The key to Rule 44.4 is that there must be an error that the appellate court can correct. *Id.* In the present case, there was no trial court error causing omission of the IAD statement from the record because the trial court did not preclude appellant from making an offer of proof. Rather, appellant did not attempt to make an offer of proof relative to the entire statement. Accordingly, we lack authority to order the trial court to place the IAD statement in the record as though it had been the subject of a proper offer of proof.

We conclude the trial court did not abuse its discretion by precluding appellant from questioning Officer Diaz regarding the above-cited portion of her statement. Appellant suggests that Officer Diaz's statement that the ultimate arrest of appellant "without any incident" was inconsistent with Officer Diaz's testimony that (1) the officers drew their guns to arrest appellant and (2) appellant acted as though he might obtain an object from the truck or attempt to leave. However, the trial court acted within its discretion by concluding the arrest was "without any incident" despite the officers drawing guns because such procedure was routine in light of the chase that had just ensued. Similarly, the trial court acted within its discretion by concluding the arrest was "without any incident" despite Officer Diaz's testimony that appellant acted as though he might obtain an object from the truck or attempt to leave because he did not actually take any such actions and complied with the officers' instructions. Accordingly, we overrule appellant's first issue.

## B. Request for Article 38.23 Instruction

In his second issue, appellant contends that the trial court erred by denying appellant's request for a jury instruction pursuant to Texas Code of Criminal Procedure article 38.23, which provides in pertinent part:

> (a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.
>
> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

Tex. Code Crim. Proc. Ann art. 38.23(a) (West 2005).

At trial, appellant requested submission of the following jury instruction pursuant to article 38.23(a):

> You are instructed that no evidence obtained by an officer or other person in violation of any provision of the Constitution or laws of the State of Texas or the Constitution or laws of the United States of America shall be admitted in evidence against the accused on trial of any criminal case.

> You are further instructed that our law permits the stop or detention and search of a person by a peace officer without a warrant only when probable cause exists to believe that an offense against the laws of this state or of the United States has been violated. An officer is permitted to make an arrest of a motorist if the officer has probable cause to believe the motorist has committed or is committing an offense.

> You are instructed that when a person is stopped by a police officer that's under arrest you are further instructed that there must be probable cause for this stop and arrest. Unless there is probable cause the arrest is illegal. Under the laws of this State no evidence gained in violation of any law may be used against a person at his trial.

> By the term probable cause as used herein is meant where the facts and circumstances within the officer's knowledge and of which he has reasonable trustworthy information are sufficient unto themselves to warrant a man of reasonable caution to believe that an offense has been or is being committed.

> You are further instructed that before an officer has the right to make a temporary investigative detention of a defendant the officer must have a reasonable suspicion that the defendant is connected with some criminal activity that is or has occurred.

> Now, therefore bearing in mind the foregoing instructions, if you find from the evidence beyond a reasonable doubt that [appellant] was stopped by Officer Diaz, a Houston police officer, for suspicion of theft, and you further find beyond a reasonable doubt that there was

8

probable cause for the arrest of [appellant], then you may consider the evidence obtained as a result of this arrest. But if you do not so find beyond a reasonable doubt that there was probable cause for the arrest of [appellant] for suspicion of theft, then you will wholly disregard all the evidence gained as a result of the arrest and not consider it as any evidence whatsoever.

Apparently, appellant contends he was entitled to an instruction pursuant to article 38.23(a) because the evidence raised an issue on whether the officers were attempting to lawfully arrest or detain him. However, article 38.23(a) is wholly inapplicable in the present case. A defendant's right to submission of an instruction under article 38.23(a) "is limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation *that would render evidence inadmissible*." *Madden v. State*, 242 S.W.3d 504, 509–10 (Tex. Crim. App. 2007) (emphasis added). Appellant does not cite any evidence he sought to exclude from the jury's consideration as a result of any allegedly unlawful detention or arrest. Instead, whether the officers were attempting to lawfully arrest or detain appellant was an element of the charged offense. *See* Tex. Penal Code Ann. § 38.04(a) (West Supp. 2012) (providing that a person commits the offense of "Evading Arrest or Detention" if he "intentionally flees from a person he knows is a peace officer . . . attempting lawfully to arrest or detain him."). Appellant cites no authority demonstrating that, pursuant to article 38.23(a), he was entitled to an instruction regarding legality of an arrest or detention relative to defining an element of the offense of evading arrest or detention. Therefore, the trial court did not err by refusing to submit appellant's requested instruction. We overrule appellant's second issue.

## C.    Language in the Jury Charge

In his third issue, appellant contends the trial court included improper language in the application paragraphs of the jury charge.

Under section 38.04(a), a person commits the offense at issue if he evades arrest *or* detention. *See id.* In the indictment, the State alleged only that appellant fled from a police officer attempting to "detain" him. In the application paragraphs of the jury charge, the trial court used only the term "detain" when referencing the elements of the offense, but the trial court also referred to the title of the offense as "evading arrest or detention":

> Now, if you find from the evidence beyond a reasonable doubt that . . . [appellant] did then and there unlawfully, intentionally flee from J. Diaz, a peace officer employed by Houston Police Department, lawfully attempting to *detain* [appellant], and [appellant] knew that J. Diaz was a peace officer attempting to *detain* [appellant], and [appellant] used a motor vehicle while he was in flight, then you will find [appellant] guilty of *felony evading arrest or detention*, as charged in the indictment.
>
> Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, or if you are unable to agree, you will next consider whether [appellant] is guilty of the lesser offense of *misdemeanor evading arrest or detention*.
>
> Therefore, if you find from the evidence beyond a reasonable doubt that . . . [appellant], did then and there unlawfully, intentionally flee from J. Diaz, a peace officer employed by Houston Police Department, lawfully attempting to *detain* [appellant], and [appellant] knew that J. Diaz was a peace officer attempting to detain [appellant], then you will find [appellant] guilty of *misdemeanor evading arrest or detention*.
>
> If you believe from the evidence beyond a reasonable doubt that [appellant] is guilty of either *felony evading arrest or detention* on the

10

one hand or *misdemeanor evading arrest or detention* on the other hand, but you have a reasonable doubt as to which of said offenses he is guilty, then you must resolve that doubt in [appellant's] favor and find him guilty of the *lesser offense of misdemeanor evading arrest or detention*.[2]

(emphasis added).

Appellant argues the trial court erred by referring to the offense as "evading arrest or detention" because he was indicted only for evading detention. However, appellant failed to object at trial on this ground. Thus, he may obtain reversal only by demonstrating "egregious harm"—error that affects "the very basis of the case," deprives the defendant of a "valuable right," or "vitally affect[s] a defensive theory." *See Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006).[3]

Appellant has not demonstrated any error, much less egregious harm. When instructing the jury on the elements it must find for conviction, the trial court used only the term "detain" and not the term "arrest," consistent with the indictment. The trial court included the "arrest" language only when referencing the title of the offense, as emphasized in the above-quoted paragraphs. The trial court did not err by referring to the correct title of the offense while also limiting the jury to

---

[2] The trial court permitted submission of the misdemeanor offense, which did not require use of a motor vehicle, as a lesser included offense.

[3] The State contends that appellant invited the alleged error of which he now complains. *See Woodall v. State*, 336 S.W.3d 634, 644 & n.12 (Tex. Crim. App. 2011) (stating that, under the law of invited error, a party is estopped from seeking appellate relief based on an error he induced by affirmatively seeking such action from the trial court). At trial, when the parties addressed the abstract portion of the charge, appellant specifically requested that the definition of the offense include the term "arrest," to track the applicable statute, after first requesting that "arrest" be omitted Then, when appellant requested submission of the misdemeanor offense and other application language that the trial court denied, his requested submissions included the term "arrest." We do not decide whether appellant invited the alleged error; appellant, at least, failed to object to the application paragraphs on the ground raised on appeal and therefore must show egregious harm.

11

determining the elements of the offense as charged in the indictment; i.e., the trial court correctly stated that a finding appellant fled from an officer attempting to "detain" him supports a conviction for the offense of "Evading Arrest *or* Detention." (emphasis added). Even if the trial court erred by including "arrest" when referencing the title of the offense, appellant has not shown egregious harm because, again, the court correctly instructed the jury on the elements it must find for conviction, consistent with the indictment. Accordingly, we overrule appellant's third issue.

We affirm the trial court's judgment.

/s/     Margaret Garner Mirabal
          Senior Justice

Panel consists of Justices Boyce, McCally, and Mirabal.[4]

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[4] Senior Justice Margaret Garner Mirabal sitting by assignment.

12