In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00089-CR
_____

JOSHUA GLAZE, Appellant

V.

THE STATE OF TEXAS, Appellee

**On Appeal from the 356th District Court**
**Hardin County, Texas**
**Trial Cause No. 22030**

## MEMORANDUM OPINION

A jury convicted Joshua Glaze of murder and sentenced Glaze to life in prison. In one appellate issue, Glaze challenges the trial court's refusal to admit a toxicology report into evidence at trial. We affirm the trial court's judgment.

"A trial court has broad discretion in determining the admissibility of the evidence[.]" *Allridge v. State*, 850 S.W.2d 471, 492 (Tex. Crim. App. 1991). We review a trial court's evidentiary rulings for abuse of discretion. *Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006). "Error may not be predicated upon a

1

ruling which admits or excludes evidence unless a substantial right of the party is affected[.]" Tex. R. Evid. 103(a); *see* Tex. R. App. P. 44.2(b).

The medical examiner testified that the victim died of a gunshot wound to the back of the neck. On cross-examination, Glaze sought to admit a toxicology report into evidence. The State argued that the report was irrelevant to the victim's cause of death or to who shot the victim and was more prejudicial than probative. Glaze argued that the report showed that the victim ingested marihuana before the murder and was, thus, relevant to the surviving witnesses' veracity regarding the details surrounding the murder. The trial court excluded the report. During a subsequent bill of exception, Glaze re-urged his contention that the report called the surviving witnesses' veracity into question. The trial court found that any probative value of the evidence was outweighed by the danger of unfair prejudice and confusion of the issues.

Even relevant evidence may be excluded when "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Tex. R. Evid. 403. "'Unfair prejudice' refers to a tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim.

App. 2007). "'Confusion of the issues[]' refers to a tendency to confuse or distract the jury from the main issues in the case[]" and lead to consideration of factual disputes that are only tangentially related to the issues in the case. *Id*. at 880; *Wiley v. State*, 74 S.W.3d 399, 407 n.21 (Tex. Crim. App. 2002).

According to the record, the victim was with two friends, Horace Theal and Briana Herring, at the time of the murder. Only Theal testified at trial. Glaze argues that Theal failed to disclose that the victim had used drugs before the murder; thus, Glaze maintains that Theal might have concealed other information if he failed to disclose any criminal acts by the victim, Theal, or Herring. Glaze contends that the toxicology report was necessary to allow him to challenge Theal's credibility. Even without the report, however, questions asked of a witness on cross-examination, which may have a tendency to affect the witness's credibility are considered proper. *Koehler v. State*, 679 S.W.2d 6, 9 (Tex. Crim. App. 1984). Assuming questions about drug use would have had a tendency to affect Theal's credibility, the record does not demonstrate that Glaze attempted to question Theal about any drug use on the night of the murder.[1]

---

[1]Glaze also complains that the toxicology report creates questions regarding the evidence, or lack thereof, collected by the State. However, Glaze did not present this argument at trial. *See* Tex. R. App. P. 33.1(a).

3

Moreover, the issue before the jury was whether Glaze intentionally or knowingly caused the victim's death. *See* Tex. Penal Code Ann. § 19.02(b)(1) (West 2011). Evidence that the victim ingested marihuana before the murder is, at best, tangentially related to whether Glaze murdered the victim, and such evidence carried with it the danger of the jury making a decision based on emotion or prejudice against the victim. *See Casey*, 215 S.W.3d at 879; *see also Wiley*, 74 S.W.3d at 407 n.21. Accordingly, we conclude that the trial court did not abuse its discretion by excluding the toxicology report. *See Oprean*, 201 S.W.3d at 726. We overrule Glaze's sole issue and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on November 10, 2014
Opinion Delivered November 19, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.