TRIAL COURT CASE No. 12-DCR-061181-A

COURT OF APPEALS CASE No. 14-13-0686-CR

COURT OF CRIMINAL APPEALS CASE No. PD-1573-14

THE STATE OF TEXAS

v.

DAMON KENDRICK DOVE

IN THE 268th JUDICIAL

DISTRICT COURT OF

FORT BEND CO., TEXAS

*Denied 1/22/15 [signature] Judge*

## MOTION FOR HEARING ON INCOMPLETE/INACCURATE RECORDS

COMES NOW, DAMON KENDRICK DOVE, Pro'se, Appellant in the above-styled and number cause, under the authority of Article 1 Section 10 of the Texas Constitution, and pursuant to Texas Rules of Appellate Procedure 34.6 (e) (2), and request this Court correct errors in the Reporter's Record so the text accurately discloses what occurred in the Trial Court. The appellant has served notice to the Court of Criminal Appeals, the 268th Judicial District Court, and the Court Reporter Mindy Hall. Now the Appellant requests a hearing to settle the dispute and have the audio reviewed to produce a complete and accurate depiction of the conversation between the Trial Judge and Defense Counsel found in Volume 4 pages 31 and 32 of the Reporter's Record.

Under T.R.A.P. 34.6 (e) (2), Appellant has a right to intervene and ask the Court to order the Court Reporter (Mindy Hall – Texas CSR8107) to conform the Reporter's Record including a true and accurate conversation that occurred in the trial. Appellant

FILED IN
COURT OF CRIMINAL APPEALS

JAN 22 2015

Abel Acosta, Clerk

1

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 20 2015

Abel Acosta, Clerk

argues that the errors in the Reporter's Record Volume 4, pages 31 and 32 are material and prove Trial Attorney David McClure made an "offer of proof" concerning evidence of the medical records of the State's only complaining witness. With the correction of the record, Appellant can show the Appeals Court his objection to the exclusion of the medical records was timely.

When the issue before the Court is whether Counsel for Appellant was denied the opportunity to question the testimony of a State's witness and submit material evidence about a subject that might have affected the witness credibility before the jury, the defendant need not show what the cross-examination of the witness would have affirmatively established to preserve error for review. Koehler v. State, 679 S. W. 2d 6 (Texas Criminal Appeal 1984). Rather he must merely establish on what general subject matter he desires to examine the witness during cross-examination (mental status), and if challenged, show on the record why said should be admitted into evidence. See (RR 4:31-32). Virts v. State 739 S. W. 2d 25, 29 (Texas Criminal Appeal 1989, citing Koehler, 679 S. W. 2d at 9.

On or about February 2014, Appellate attorney Michael W. Elliott filed a brief on behalf of Appellant, which was denied by the Court of Appeals. By using these inaccurate and incomplete records, Appellants attorney violated the Texas Bill of Right Article 1 Section 10 and Article 1 Section 19 of the Texas Constitution. Rendering him ineffective and failing to protect Appellant's constitutional right in the appeal process. Appellate Counsel Michael W. Elliott SBN:06546540 breached his fiduciary duties in the appeal process. T.R.A.P. 33.1

2

## CONCLUSION

The Court must conclude that the Appellant is entitled under the Constitution a true, accurate and complete record so the Appellant will not be deprived of his right of effective representation. See Texas Constitution Article 1 Section 10 and U. S. Constitution, 6th amendment.

## PRAYER

For these reasons, appellant asks the Court to set this motion for hearing and after notice and hearing grant this motion for corrections of inaccuracies in the Reporter's Record found in (RR Volume 4, pages 31 and 32). If the Court finds any inaccuracy, it must order the Court Reporter to conform the Reporter's Record (RR) to what occurred in the trial, file certified corrections in the Appellate Court and grant Appellant all other relief to which he is entitled.

Respectfully submitted,

Damon K Dove

Damon Kendrick Dove
TDJC No. 1880020
Ellis Unit
1697 FM 980
Huntsville, TX 77343

3

## <u>VERIFICATION OF PLEADING</u>

I, Damon Kendrick Dove, TDCJ No. 1880020, presently incarcerated in the Texas

Department of Criminal Justice, in Walker County, Texas at the Ellis Unit do hereby

verify under penalty of perjury that the foregoing statements are true and correct and I

have personal knowledge of the same on this the 8th day of January, 2015. Pursuant to

Civil Practice and Remedies Code Section 132.001 thru 132.003.

Respectfully submitted,

_____

Damon Kendrick Dove
TDJC No. 1880020
Ellis Unit
1697 FM 980
Huntsville, TX 77343

4