MENDEZ V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-01-092-CR

OSCAR MENDEZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL
 DISTRICT COURT 
NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Oscar Mendez was convicted by a jury of the offenses of aggravated sexual assault of a child and indecency with a child, enhanced by one prior felony conviction. 
 Tex. Penal Code Ann.
 § 22.021 (Vernon 2003).  The trial court assessed concurrent thirty-year and twenty-year sentences at the punishment phase of the trial.  Two points are presented on appeal:  (1) whether the trial court abused its discretion in limiting defense counsel’s cross-examination of the victim regarding her medical records; and (2) whether the trial court abused its discretion in permitting the State to introduce evidence of the victim’s sexual assault medical examination.  We will affirm.

Background

The testimony established that appellant sexually assaulted A.S., a child under the age of fourteen, by inserting his finger into her vagina.  The evidence also established that during the course of the same incident, appellant exposed his genitals to A.S.  Both offenses occurred when A.S. spent the night with several girls at the apartment of Joni Moran, the mother of one of the girls.  During the night appellant, who was an acquaintance of Ms. Moran, entered the girls’ bedroom and engaged in the illegal conduct described above.  The evidence at trial was overwhelming.  Not only did A.S. testify against him, Ms. Moran testified she interrupted the offenses in progress when she entered the bedroom, and that appellant had subsequently attempted to explain that his pants were down because A.S. “kept on asking him to show it to her.”

Restriction of Cross-Examination

In point one appellant contends he was denied the right to present a defense and confront his accuser when the trial court prohibited him from questioning the victim about things contained in her medical records.  Appellant’s specific complaints are that the trial court abused its discretion in prohibiting him from questioning the victim about:  (1) her ability to accurately relate events due to the effect of medications she was taking at the time of trial; (2) the fact that she had been abused by her mother’s boyfriend before, during, and after the time appellant was alleged to have sexually assaulted her; (3) hallucinations she was suffering concerning a man entering her bedroom at night; and (4) instances of “bizarre behavior” that were relevant and probative on the matter of her competency to testify.     

Preservation of Error

In
 Koehler v. State
, 679 S.W.2d 6 (Tex. Crim. App. 1984), the Texas Court of Criminal Appeals pointed out that for purposes of appellate review concerning issues involving excluded evidence, there is a distinction between the situation where the defendant desires to elicit certain, specific responses from a State’s witness but is precluded from doing so by the trial court, and the situation where the defendant desires to elicit certain, specific responses from a State’s witness about a certain general subject matter that might affect the witness’s credibility.  In the former situation, to preserve error for appellate review, the defendant is required either to have the witness testify and answer the specific questions he desires the witness to answer in the presence of the jury or the defendant must make an offer of proof of the questions he would have asked and the answers he expected to receive had he been permitted to question the witness in the presence of the jury. 
 Id. 
at 9.  However, in the latter situation, when the issue before the appellate court is whether counsel for appellant was denied the opportunity to question the testifying State’s witness in the presence of the jury generally about what might have affected her credibility, to preserve the error, the defendant need not show what his cross-examination of the witness would have affirmatively established; he must merely establish what general subject matter he desired to examine the witness about during his cross-examination and, if challenged, show on the record why such should be admitted into evidence. 
 Id.

Standard of Review

The trial court maintains broad discretion to impose reasonable restrictions on cross-examination to avoid harassment, prejudice, confusion of the issues, endangering the witness, and the injection of cumulative or collateral evidence.  
Lagrone v. State
, 942 S.W.2d 602, 613 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 917 (1997).  In addition, before evidence is deemed admissible, it must be relevant as defined by rule 401 of the Texas Rules of Evidence. 
Tex. R. Evid.
 401.  Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  
Id
.  In determining whether evidence is relevant, courts look to the purpose for offering the evidence and whether there is a direct or logical connection between the offered evidence and the proposition sought to be proved.  
Reed v. State
, 59 S.W.3d 278, 281 (Tex. App.—Fort Worth 2001, pet. ref'd).   

A.  Medications taken by the victim at the time of trial.
  Appellant contends that if he had been permitted to question the victim about prescribed drugs that the medical records indicated A.S. was taking “at the time of her testimony,” such evidence would have raised a question concerning her ability to perceive events and testify at trial.  Appellant’s brief contains only a general citation to “Defendant’s Exhibit 6" to support his allegation that the medical records showed A.S. was, in fact, taking medications at the time of trial.  That exhibit consists of 290 pages of medical and academic records.  Our exhaustive review of the exhibit fails to convince us that appellant is correct in his assertion that A.S. was taking medications at the time of trial, much less that those medications could have rendered her incompetent to relate past events.  Appellant’s trial began on February 12, 2001.  Although Defense Exhibit 6 contains academic records extending into the year 2001, the medical records contained in the exhibit all appear to concern medical treatment rendered in 2000.  At the time the issue was presented in the trial court, the court noted that some of the medical records extended as far back as January of 2000, and that the court failed to see how questioning A.S. about the type of medicines she had taken was relevant to any issue in the case.  We agree.  Absent a specific record citation establishing the basis for appellant’s assertion that A.S. was taking medications at the time of trial that could have rendered her unable to correctly relate past events, we hold the trial court was well within its authority in prohibiting the proffered area of cross-examination.

B.  The victim’s prior sexual history.
  Appellant contends that the trial court abused its discretion when it prevented him from questioning A.S. about references in her medical records indicating that she had previous sexual relations when her mother’s boyfriend, Charles Kelly, who molested her.  Appellant alleges information about the relationship contained in the medical records was necessary to show that A.S. may have named appellant as her abuser in an effort to please Kelly, so that she might “reunite with her family.”  We disagree.  First, the medical records uniformly reflect that A.S. had expressed the desire that her mother end her relationship with Kelly; the records do not indicate that A.S. wished to reunite with him.  Second, even if A.S. had testified that she 
had
 been sexually assaulted by Kelly, the trial court was authorized to exclude such prior sexual history on the ground that it was not relevant or probative to the question of whether she had also been sexually assaulted by appellant.  
See Lopez v. State
, 18 S.W.3d 220, 225-26 (Tex. Crim. App. 2000).  To hold that a trial court was required to permit questions of prior sexual history because the victim may have been attempting to please a prior offender would be tantamount to requiring the admission of such evidence in all cases, because a possible connection, however strained, could always be established by the defense.  

Finally, we note that the trial court specifically permitted appellant to cross-examine A.S. about possible hallucinations in which she allegedly imagined a man (who she admitted was not appellant) entering her room at night with the intent to assault her, and that defense counsel did in fact question her about those hallucinations.  Appellant’s complaint that there were other instances of “bizarre” behavior reflected in the medical records that he wished to question A.S. about is equally unavailing.  The one specific instance mentioned by appellant in his appellate brief concerned an occasion when A.S. “crawled around and barked like a dog.”  Put into proper context, appellant’s proffered area of questioning concerned one singular entry in the medical records in which a medical staffer noted that the thirteen-year-old A.S., who during much of 2000 was being treated, housed, and educated in a medical environment, one night was “barking like a dog and acting ‘silly’.”  We perceive no abuse of discretion in the trial court’s restriction in cross-examination of behavior consistent with that normal to a thirteen-year-old child.  After careful review of the appellant’s complaints under the appropriate standards, we find no abuse of discretion on the part of the trial court in the limitations it placed on defense counsel during cross-examination of the victim.  No abuse of discretion having been shown, appellant’s first point is overruled.

Victim’s Sexual Assault Medical Records

In point two appellant contends the trial court abused its discretion in permitting the State’s introduction of medical records concerning the victim’s sexual assault examination.  Two specific complaints are advanced:  (1) the State failed to lay the proper predicate by failing to ask the sponsoring witness whether the records were made at or near the time by, or transmitted by, a person with knowledge; and (2) the State failed to comply with the fourteen- day notice requirement of rule 902(10).  
See
 
Tex. R. Evid.
 902(10) (extrinsic evidence of authenticity not required if notice is deemed to have been given fourteen days prior to commencement of trial).

When reviewing a trial court's decision to admit or exclude evidence, an appellate court must afford a trial court great discretion.  
Montgomery v. State
, 810 S.W.2d 372, 378-79 (Tex. Crim. App. 1990).  Thus, we review a trial court's ruling on the admissibility of evidence under an abuse of discretion standard.  
Angleton v. State
, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998).  The trial court's ruling will be upheld as long as it is within the "zone of reasonable disagreement."  
Weatherred v. State
, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).  Here, appellant complains of the trial court’s decision permitting the introduction of the victim’s post-sexual-assault medical examination records.

Although appellant made a hearsay objection to the medical records at trial, no objection was made on the basis of either complaint made on appeal.  Because the error claimed on appeal does not comport with the trial objection,  appellant’s point was not properly preserved for appellate review.  
See Sterling v. State,
 800 S.W.2d 513, 521 (Tex. Crim. App. 1990), 
cert. denied
, 501 U.S. 1213 (1991).  

Even if the complaints had been preserved, appellant’s point would be properly overruled.  The affidavit submitted with the tendered record indicates the medical entries were made by “an employee or representative of Cook Children’s Medical Center with knowledge of the act, event, condition, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record, and the record was made at or near the time or reasonably soon thereafter.”  Moreover, nothing in the record indicates that the fourteen-day notice requirement for self-authentication under rule 902 was not complied with.  Finally, even if less than fourteen-days notice had been given, the State’s chosen method of introduction of the medical records at trial did not require self-authentication under rule 902 because the State relied on an in-court predicate established by the testimony of Dr. Jayme Coffman, the medical director of the CARE Team at Cook Children’s Medical Center.  Point two is overruled. 

The trial court’s judgment is affirmed.

PER CURIAM

PANEL F: DAVID L. RICHARDS, J. (Sitting by Assignment); HOLMAN and  GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: March 27, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.