Affirmed and Memorandum Opinion filed July 30, 2009








Affirmed
and Memorandum Opinion filed July 30, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00781-CR

____________

 

TEOBALDO FIGUEROA VELAZQUEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 339th
District Court

Harris County, Texas

Trial Court Cause No. 1082828

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Teobaldo Figueroa Velazquez, appeals his murder
conviction for which he was sentenced to life in prison.  In two issues, he
contends that the trial court  denied him his Sixth Amendment right to
confrontation by excluding evidence of a witness=s motive for
testifying on behalf of the State. We affirm.             

 

 








                                                  BACKGROUND[1]

The decedent was found shot to death in a public park near
his home on August 9, 2006.  Three suspects emerged from law enforcement=s initial
investigation into the murder:  Francisco Alviso, Frank Spencer, and appellant. 
A fourth person was suspected of tampering with evidence relevant to the
murder.  Later in its investigation, law enforcement received information that
appellant had directed Alviso and Spencer to murder the decedent.  The State
ultimately charged appellant, Alviso, and Spencer each by felony indictment
with the decedent=s murder.  

In August 2007, Alviso pleaded guilty to murder as charged
in the indictment.  His case was reset for punishment, and his sentencing hearing
was set for a date subsequent to both Spencer=s and appellant=s trials.  Days
after Alviso=s plea, Spencer=s case proceeded
to trial before a jury.  Spencer was found guilty and sentenced to 60 years in
prison.  In September 2007, appellant=s case was also
tried before a jury.  At appellant=s trial, Alviso
testified on behalf of the State that he and Spencer had fatally shot the
decedent at appellant=s direction.








Specifically, Alviso testified that he and Spencer were
members of the gang ASurrenos 13@ and that
appellant was the gang=s leader.  Alviso testified that appellant
had devised a plan to murder the decedent, a fellow gang member, because the
decedent had been disloyal to appellant.  According to Alviso, appellant drove
Spencer, Alviso, and a third person to the decedent=s house and
provided Spencer with a semiautomatic and Alviso with a revolver.  Alviso
testified that appellant instructed Spencer to lure the decedent out of his
house and to a nearby public park, while Alviso was instructed to hide behind
bushes in the same park.  As Spencer and the decedent walked by the bushes in
which Alviso was hiding, Alviso stepped out and began shooting at the
decedent.  The decedent attempted to flee, but Spencer ran after him and
tripped him.  As the decedent lay in the grass, Spencer shot him again,
multiple times.  Spencer and Alviso then returned to appellant=s car, and they
drove away. 

Appellant disputed Alviso=s version of the
events leading up to the murder and his own involvement in the decedent=s death. 
Appellant posed a number of cross-examination questions to demonstrate Alviso=s bias and motive
for testifying against him.  On cross, Alviso testified that he had pleaded
guilty to the murder of the decedent and was awaiting sentencing.  Alviso
further indicated that he was testifying in an effort to cooperate with the
State and in hopes of receiving a lighter sentence, possibly probation.  In
further questioning Alviso about his plea of guilty, defense counsel asked
Alviso, ADo you recall . .
. the last offer that was made to you [by the State] before you took the
P.S.I.?@  The State
objected, and the trial court sustained the objection.  Appellant continued to
cross examine Alviso.

Appellant was subsequently found guilty of murder as
charged in the indictment, and he was sentenced to life in prison.  On appeal,
appellant raises two issues, jointly contending that the trial court erred in
sustaining the State=s objection to Alviso=s testimony
because in doing so, the trial court violated his Sixth Amendment right to
confrontation and impaired his ability to show Alviso=s motive for
testifying for the State.  See U.S. CONST. amend. VI; Tex. Const.
art. 1, ' 10.  

DISCUSSION








We begin by considering whether appellant properly
preserved his confrontation arguments for appellate review.  In determining
whether a party has preserved a complaint for review regarding the exclusion of
evidence, we must examine the nature of the excluded evidence.  See Virts v.
State, 739 S.W.2d 25, 29 (Tex. Crim. App. 1987); Koehler v. State,
679 S.W.2d 6, 9 (Tex. Crim. App. 1984). The Court of Criminal Appeals has
recognized a distinction between a situation where the defendant desires to
elicit a certain, specific response from a witness but is precluded by the
trial court from doing so, and a situation where the defendant is not permitted
to question a witness about a certain general subject matter that might affect
the witness=s credibility.  Virts, 739 S.W.2d at 29.

When a trial court prevents a defendant from eliciting
certain specific responses from a State=s witness, defense
counsel preserves error by either (1) calling the witness to the stand outside
the presence of the jury and having the witness answer specific questions or
(2) making an offer of proof on questions he would have asked and answers he
might have received.  Koehler, 679 S.W.2d at 9; Stults v. State,
23 S.W.3d 198, 203B04 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d) (emphasis in original).  However, when
the trial court denies a defendant the opportunity to question a witness for
the State in the presence of the jury about an entire subject matter that might
have shown his lack of credibility, such as malice, ill will, motive, or bias,
defense counsel preserves error by stating the subjects on which he intends to
question the witness.  Virts, 739 S.W.2d at 29.

In this case, appellant clearly sought to know the details
of the last offer on punishment made to Alviso by the State.  In other words,
appellant was searching for a specific answer, i.e., probation, 10 years, 20
years.  The exclusion of this specific response falls under the former
standard, requiring an offer of proof.  See Koehler, 679 S.W.2d at 9.
 However, to avoid waiving error by failing to make an offer of proof,
appellant attempts to characterize the sought-after testimony as evidence of an
entire subject matter relating to Alviso=s motive.  We are
not persuaded.








Appellant=s inquiry into the State=s last offer does
not probe generally into Alviso=s motive.  Rather, the question sought a
specific answer as to the State=s most recent offer on punishment. 
Contrary to appellant=s contentions, he was permitted to, and
did, examine Alviso generally about any motive for testifying for the State
arising from his plea of guilty and his expectations therefrom.  In response to
defense counsel=s questioning, Alviso testified that: (1)
he had pleaded guilty to the murder of the decedent; (2) his plea of guilty was
made without an agreed recommendation on punishment; (3) his case was reset for
punishment and was still pending at the time of trial; (4) he understood that
his range of punishment was up to 99 years or life in prison; and (5) he was
testifying in an effort to cooperate with the State and in hopes of receiving a
lighter sentence, possibly probation.  Appellant=s inquiry into the
State=s latest offer was
an attempt to explore further into the subject matter of Alviso=s plea and his
lack of credibility thereof, a topic that had already been introduced and
developed by defense counsel.  See Oliva v. State, 942 S.W.2d 727, 730B31 (Tex. App.CHouston [14th
Dist.] 1997), pet. dism=d, improvidently
granted, 991 S.W.2d 803 (Tex. Crim. App. 1998).  Accordingly, this case
involves the denial of a specific response.  See id.; see also Garcia
v. State, 756 S.W.2d 880, 882 (Tex. App.CCorpus Christi
1988, no pet.).  Because appellant failed to call Alviso to the stand outside
the presence of the jury and ask the specific question or make an offer of
proof, he has presented nothing for appellate review. 

Furthermore, appellant failed to object to the trial court=s exclusion of the
evidence.  To preserve error, a defendant must lodge a timely, specific
objection.  See Tex. R. App. P. 33.1.  Even constitutional error may be
waived by failure to raise the issue at trial.  Briggs v. State, 789
S.W.2d 918, 924 (Tex. Crim. App. 1990) (holding that, by failing to object,
appellant waived claim that admission of a videotape violated his rights to
confrontation and due process/due course of law).  Specifically, a defendant
waives his constitutional right to confront witnesses if he does not object to
the denial of that right at trial.  Holland v. State, 802 S.W.2d 696,
700 (Tex. Crim. App. 1991); Thacker v. State, 999 S.W.2d 56, 61 (Tex.
App.CHouston [14th
Dist.] 1999, pet. ref=d).  In addition, a party seeking to
introduce evidence must meet an objection with an argument stating the basis
for its admission.  See Reyna v. State, 168 S.W.3d 173, 177 (Tex. Crim.
App. 2005).  It is not enough to merely attempt to introduce the
evidence or to tell the judge that the evidence is admissible.  Id.  
The proponent, if he is the losing party on appeal, must have told the trial
court why the evidence was admissible.  Id.








Here, the trial court sustained the State=s objection to the
question relating to the State=s last plea offer to Alviso.  The record
does not reflect any objection by appellant on any basis, including the
Confrontation Clause.  Instead, appellant continued with cross examination and
neglected to apprise the trial court of any objection or basis thereof.  See
id. at 179 (concluding that a proponent of evidence must clearly articulate
to the trial court that the Confrontation Clause requires the admission of the
challenged evidence and failure to do so waives error). Therefore, appellant
has failed to preserve his right-to-confrontation complaints for appellate
review. 

CONCLUSION

Because appellant has waived both
appellate issues challenging the trial court=s exclusion of evidence, we overrule issues one and two and
affirm the trial court=s judgment. 

 

 

 

/s/      Adele Hedges

Chief Justice

 

Panel consists of
Chief Justice Hedges and Justices Yates and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]  Because the sufficiency of the evidence is not
challenged, we recite only the facts relevant to the issues raised by
appellant.