

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00133-CR

_____

DAVID MICHAEL DOLLINS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Franklin County, Texas
Trial Court No. F-8840

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Moseley

# O P I N I O N

After having been convicted by a jury of felony escape[1] and sentenced to serve two and one-half years' imprisonment, David Michael Dollins appeals. In his sole point of error, he claims the trial court erroneously limited his cross-examination of one of the State's witnesses. Because Dollins failed to preserve this complaint for appellate review, we overrule it and affirm the trial court's judgment.[2]

## I. Arrest and Escape

Dollins was indicted for aggravated assault and escape following his arrest for assault with a deadly weapon family violence arising from events happening on an evening in October 2013. The day of trial, the State abandoned the aggravated assault charge and proceeded only on the escape allegation. The only witnesses called by the State were two law enforcement officers who responded to a report of a disturbance at the house where Dollins and his girlfriend lived with Dollins' grandparents. Deputy Patricia Ricks was the first law enforcement officer to arrive, and she placed Dollins under arrest for assaulting his girlfriend with a knife. Ricks handcuffed and secured Dollins in her patrol truck; when Leopolda Herrera, another officer, arrived, Dollins was moved to the rear seat of Herrera's patrol car. Ricks was interviewing potential witnesses in the house when the witnesses became loud or unruly; this ruckus prompted Herrera to join Ricks in the house. While left unobserved in Herrera's patrol car, Dollins apparently opened a window and wriggled out, making his escape.

---

[1]*See* TEX. PENAL CODE ANN. § 38.06(a)(1), (c)(1) (West Supp. 2014).

[2]"Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion." *Jones v. State*, 942 S.W.2d 1, 2 n.1 (Tex. Crim. App. 1997).

## II.    Dollins' Point of Error

While cross-examining Ricks, Dollins asked whether she obtained a written statement from Robin Clark, the putative complainant in the aggravated assault allegation.[3] The State objected to the relevance of this question; Dollins argues that when the trial court sustained the State's objection, the trial court erroneously limited Dollins' right to cross-examine Ricks to the detriment of his Confrontation Clause rights.[4] Here is how the issue developed in trial:

> Q.    [Counsel for Dollins]  Now, did you ask [Clark] for a written statement?
>
> A.    [Witness Ricks]  Yes, I did.
>
> [Prosecutor]: Judge, I'm going to object to this line of questioning as to relevance.  To whether or not -- that question was asked regarding the statement Robin Clark made for the sole purpose of whether or not the officer had probable cause to make the arrest.  The investigation of that case is irrelevant.
>
> THE COURT:  We're not going to try the aggravated assault case. I'll sustain the objection.
>
> Q.    [Counsel for Dollins]  For purposes of establishing probable cause, my understanding was you obtained a statement that -- the word knife was used, right?  Somebody used the word knife when you were in there, right?
>
> A.    [Witness Ricks]  Correct.

Dollins continued questioning Ricks, making no objection to the trial court about the limitation of cross-examination or any violation of his Confrontation Clause rights this precipitated. Further, Dollins made no attempt to inform the trial court what line of questioning he would have

---

[3]The State did not call Clark as a witness at the escape trial.  Dollins called her as a witness at punishment, and she denied Dollins held a knife to her throat.  This was at odds with what Ricks said Clark told her the night of the offense and with the testimony of Dollins' grandmother, who said she saw Dollins hold a knife to Clark's throat.

[4]*See* U.S. CONST. amend. VI.

3

pursued or what answers he would have sought to elicit upon further cross-examination of Ricks on the topic of a written statement from Clark had the objection not been sustained.

In order to preserve alleged error for appellate review, a party must make a timely objection to the trial court or make some request or motion apprising the trial court what the party seeks by the line of questioning, thereby giving the trial court an opportunity to remedy any purported error. *See* TEX. R. APP. P. 33.1(a).[5] Failure to properly object and preserve a complaint waives any appellate review of the matter. *See Vidaurri v. State*, 49 S.W.3d 880, 885–86 (Tex. Crim. App. 2001).

Failure to object to a Confrontation Clause error at trial waives the complaint on appeal. *Wright v. State*, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000) (objection on hearsay and Rule 107 grounds did not preserve Confrontation Clause complaint); *see also Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) ("Because Reyna 'did not clearly articulate' that the Confrontation Clause demanded admission of the evidence, the trial judge 'never had the

---

[5]Rule 33.1(a) of the Texas Rules of Appellate Procedure states,

As a prerequisite to presenting a complaint for appellate review, the record must show that:

(1)     the complaint was made to the trial court by a timely request, objection, or motion that:
(A)     stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and
(B)     complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and
(2)     the trial court:
(A)     ruled on the request, objection, or motion, either expressly or implicitly; or
(B)     refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

TEX. R. APP. P. 33.1(a).

4

opportunity to rule upon' this rationale. As the losing party, Reyna must 'suffer on appeal the consequences of his insufficiently specific offer.'" (citations omitted)). In order to preserve error regarding improperly excluded evidence, a party must timely object, obtain a ruling from the trial court (or object to the trial court's refusal to rule), and prove the substance of the excluded evidence via an offer of proof. *See* TEX. R. APP. P. 33.1(a); TEX. R. EVID. 103(a); *Roberts v. State*, 220 S.W.3d 521, 532 (Tex. Crim. App. 2007). An explicit objection is not necessary if "the specific grounds" of the complaint are "apparent from the context" of the trial proceeding. TEX. R. APP. P. 33.1(a)(1). However, in the exchange quoted above, Dollins never asked for any relief at all from the trial court; indeed, Dollins neither expressed displeasure with the ruling nor in any way told the court that he felt his rights had been violated. In his brief on appeal, Dollins says his strategy was to attack the officer's probable cause to arrest Dollins for a felony grade offense. This strategy, however, is not apparent from the context of the proceedings. Even if we were to find that Dollins successfully brought some complaint to the attention of the trial court, we could not say whether he believed that he was being denied the right to confront the State's witness or whether he had other undisclosed motives in pursuing that line of questioning. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2005).[6]

Dollins made no offer of proof to the trial court wherein he could explain what he was attempting to achieve in his cross-examination of Ricks, but which he was prohibited from

---

[6]Additionally, defense counsel failed to identify any inconsistencies between any witness statement taken at the scene and Ricks' recollection of events in her trial testimony. There are too many possible bases for trial counsel's cross-examination strategy to say that the Confrontation Clause objection was clear from the context. Although Clark contradicted Ricks' testimony, she did not do so until punishment. Dollins could have called Clark at guilt/innocence, as well as making some offer of proof as to his claimed limitation of cross-examination; he did neither.

5

pursuing by the trial court's ruling.  "Appellant may not complain on appeal of the exclusion of testimony in the absence of an offer of the testimony and a ruling by the trial court excluding it from evidence."  *Barnard v. State*, 730 S.W.2d 703, 718 (Tex. Crim. App. 1987); *see also Jenkins v. State*, 948 S.W.2d 769, 775 (Tex. App.—San Antonio 1997, pet. ref'd) (where no bill of exception or offer of proof to show facts defendant could have proved through cross-examination of adverse witness, issue not preserved for appellate review).  If Dollins claims that he was precluded from cross-examining Ricks about the facts leading her to develop probable cause to arrest Dollins (or to charge Dollins with a felony rather than a misdemeanor), Dollins was obligated to "make an offer of proof of the questions he would have asked and the answers he might have received had he been permitted to question the witness in the presence of the jury."  *Koehler v. State*, 679 S.W.2d 6, 9 (Tex. Crim. App. 1984).  To the extent that Dollins claims he was prevented from cross-examining Ricks on matters affecting the deputy's credibility, he "merely [had to] establish what subject matter he desired to examine the witness about during the cross-examination."  *Id*.  We cannot determine from the record before us how Dollins made any of these areas of cross-examination apparent to the trial court.

Dollins having failed to preserve this complaint for our review, we overrule his point of error and affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:     March 3, 2015
Date Decided:       March 17, 2015

Publish