**Affirmed and Memorandum Opinion filed May 14, 2024.**



In The

# Fourteenth Court of Appeals

## NO. 14-23-00265-CR

**HAROLD LAWRENCE WALTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 1650480**

## M E M O R A N D U M   O P I N I O N

Appellant Harold Lawrence Walton appeals his conviction for murder. In two issues, he complains that the trial court improperly limited his cross-examination of a key witness, thereby violating his confrontation rights and harming him. Because we conclude that appellant failed to preserve his complaint in the trial court, we overrule his first issue (complaining of error) and do not reach his second issue (complaining of harm). We affirm.

## Background

Appellant was convicted of murdering Marc Thomas. Appellant's stepdaughter, M.F. ("Mary"), testified that she saw appellant shoot Thomas in front of appellant's house and then flee the scene. When interviewed by police after the shooting, Mary did not disclose that she had witnessed the crime.

During the guilt-innocence portion of trial, appellant attempted to question Mary about her story, specifically about whether Mary's mother, Lakeisha, who was married to appellant, had coerced her into fabricating her eyewitness account. The State objected to appellant's cross-examination, which the trial court sustained.

Two other witnesses testified about seeing or hearing appellant shoot Thomas.

The jury found appellant guilty. Appellant timely appealed his conviction.

## Analysis

In his first issue, appellant argues that the trial court abused its discretion by sustaining the State's objections to his attempted cross-examination of Mary.

Appellant contends that the trial court violated his constitutional right of confrontation by prohibiting him from questioning Mary about whether Lakeisha coerced Mary into testifying that she had witnessed the offense. *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."). The State responds that appellant failed to preserve his appellate complaint by not timely invoking the Confrontation Clause at trial. We agree with the State.

During Mary's testimony, the following exchange occurred:

[Appellant's counsel] Q. Your mom told you to change your story, didn't she?

[Mary] A. Incorrect.

Q. Well, your mom has physically abused you --

[Prosecutor]: Objection. Speculation, irrelevant, improper character, and argumentative.

THE COURT: Sustained.

[Appellant's counsel]: May we approach, Your Honor?

THE COURT: No. Follow the rules of evidence. Ask your next relevant question.

[Appellant's counsel] Q. Your mother has verbally abused you --

[Prosecutor]: Objection, Judge --

THE COURT: Sustained.

[Prosecutor]: -- improper character evidence.

THE COURT: Sustained.

[Appellant's counsel]: Can we approach, Your Honor?

THE COURT: No.

[Appellant's counsel]: We need to approach, Your Honor.

THE COURT: I have no clue why you need to approach. You have a couple of minutes. We want to proceed on. All right, approach.

*(At the Bench, on the record)*

[Appellant's counsel]: Your Honor, I literally have a jail call that was provided to us yesterday of her -- her mother physically assaulting and slapping her and verbally abusing her. I believe there's a good-faith and relevant question as to her getting her to change her story three and a half years later for the first time. Her story changed --

THE COURT: No. That's a big, huge speculation.

[Appellant's counsel]: Well, there's also the fact that -- we would argue that she also pressured her other daughter to change her story in the sexual assault case.

3

THE COURT: But where is the evidence?

[Appellant's counsel]: What's that?

THE COURT: Where is the evidence?

[Appellant's counsel]: We believe that a jury can reasonably infer there is --

THE COURT: You've got to have some evidence. You've got an incident that you said is supposedly involving the mother, but you didn't tell me anything about why she specifically said that.

[Appellant's counsel]: Okay.

THE COURT: Why?

[Appellant's counsel]: Why?

THE COURT: Yes.

[Appellant's counsel]: Oh. I think she tells her in the audio to put on some clothes after she slapped her three times.

THE COURT: That's not going to make it. It's [sic] has to be some type of character evidence. You've got to have something else that's in between that.

[Appellant's counsel]: Okay. Yeah, I don't have anything else because we were given this yesterday.

[Prosecutor]: Oh, my God.

THE COURT: What was that?

[Prosecutor]: It's from the sexual assault case. It's from the sexual assault case. Those jail calls are from the sexual assault case. It's completely irrelevant to this case.

THE COURT: Right now, if you don't have any --

[Appellant's counsel]: It goes towards the nature of the relationship between her and her mother, but that's okay.

THE COURT: That's not relevant in this part of the trial. You're not giving specific instances of conduct. No. No.

[Appellant's counsel]: All right.

To preserve error for appellate review, a party must make a timely objection or request to the trial court, sufficiently stating the specific grounds for the

4

requested ruling, unless apparent from the context, and obtain an adverse ruling. *See* Tex. R. App. P. 33.1; *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). It is not enough to merely attempt to introduce evidence or to tell the judge that the evidence is admissible; rather, the proponent, if he is the losing party on appeal, must have told the trial court why the evidence was admissible. *See Nelson v. State*, No. 14-06-00684-CR, 2007 WL 2790367, at *3 (Tex. App.—Houston [14th Dist.] Sept. 27, 2007, pet ref'd) (mem. op., not designated for publication). Moreover, the objection or request at trial must comport with the complaint presented on appeal. *Wilson*, 71 S.W.3d at 349.

Even constitutional complaints may be forfeited by the failure to raise them at trial. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). When a party's argument for admitting evidence could refer to a Confrontation Clause complaint, the party must specifically articulate that the Confrontation Clause demands admission of the evidence to preserve error on this ground. *See Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (holding that because a trial objection regarding the "credibility" of the proffered evidence could be in reference to either the rules of evidence or the Confrontation Clause, the objection was not sufficiently specific to preserve error for appellate review); *Jones v. State*, No. 14-06-00292-CR, 2008 WL 323760, at *2 (Tex. App.—Houston [14th Dist.] Feb. 7, 2008, no pet.) (mem. op., not designated for publication) (holding that a proffer of evidence to establish a witness's bias and motive to lie did not preserve a Confrontation Clause argument because a defendant "must specifically articulate that the Confrontation Clause demands admission of proffered evidence to preserve error on this ground").

As evidenced by the reporter's record, appellant never argued to the trial court that he should be permitted to continue his line of questioning based on the

Confrontation Clause. Appellant did not inform the trial court that the Confrontation Clause demanded admission of the proffered testimony, nor did he present any constitutional arguments. Therefore, appellant failed to preserve the Confrontation Clause complaint he asserts on appeal. *See Reyna*, 168 S.W.3d at 179 (concluding that the appellant failed to preserve his Confrontation Clause complaint because he did not argue to the trial court that the Confrontation Clause demanded admission of the proffered evidence); *see also Golliday v. State*, 560 S.W.3d 664, 670 (Tex. Crim. App. 2018) ("Nothing in the record indicates that Appellant properly put the trial judge on notice that he was making a Confrontation Clause argument in support of admitting the excluded evidence."); *Dollins v. State*, 460 S.W.3d 696, 698-99 (Tex. App.—Texarkana 2015, no pet.) (concluding that appellant did not preserve his Confrontation Clause complaint when the trial court limited his cross-examination of a witness).

We overrule appellant's first issue as to error and do not reach his second issue pertaining to harm.

## Conclusion

We affirm the trial court's judgment.

_____/s/ Kevin Jewell_____
Kevin Jewell
Justice

Panel consists of Justices Jewell, Bourliot, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).