

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00164-CR

WILLIAM OLAN KINARD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 2430391

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

A Hopkins County jury convicted William Olan Kinard of aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (Supp.). After a punishment trial to the bench, the trial court sentenced Kinard to twenty years' imprisonment. In his sole point of error on appeal, Kinard argues that the trial court violated his Confrontation Clause rights by denying him the right to cross-examine a State's witness.

Because we find that Kinard failed to preserve his sole issue on appeal, we affirm the trial court's judgment, as modified below.

## I.      Kinard Failed to Preserve His Sole Point of Error

On appeal, Kinard argues that the trial court violated his Sixth Amendment right to confront the witnesses against him. The State argues, and our record shows, that Kinard never informed the trial court of the issue he now raises on appeal.

In this case, the State alleged that Kinard "aggressively" entered the apartment of DeJarnae Rachel Nash, grabbed Nash by the back of the neck, forced her down to the floor, and threatened her with bodily injury while holding a firearm. In support of its case-in-chief, the State called Corey Jones, the officer with the Sulphur Springs Police Department (SSPD) who responded to the scene after Nash called 9-1-1 and identified Kinard, her ex-boyfriend, as the perpetrator of the crime. Jones testified that he found Nash, who had fled from her apartment, crouched down beside an air unit, crying and scared. Jones's body-camera footage shows his encounter with Nash and was admitted into evidence without objection.

After Jones's direct examination, the State held a bench conference to memorialize its disclosure to Kinard that Jones had resigned from law enforcement after the SSPD discovered Jones was "involved in a relationship with someone while he was on duty." The trial court then granted the State's motion in limine after it stated, "I can't see how any of that would be relevant or useful or admissible for impeachment purposes."[1] Kinard's counsel said, "I was going to ask [Jones], he was released, did he go to another agency to work, his response is going to be, of course, no, he couldn't go back to law enforcement," but the trial court said that Kinard's counsel would not be allowed to ask that question. In response to the trial court's prohibition, Kinard's counsel simply asked the trial judge to "[n]ote [his] exception," without further specification. During cross-examination, Kinard established that Jones was no longer a public servant and did not intend to go back to law enforcement.

Our appellate record shows that Kinard failed to raise any Confrontation Clause issue. As noted by the Texas Court of Criminal Appeals,

> Rule 33.1(a) of the Texas Rules of Appellate Procedure provides that a complaint is not preserved for appeal unless it was made to the trial court "by a timely request, objection or motion" that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context."

*Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009) (quoting TEX. R. APP. P. 33.1(a)(1)(A)). "The purpose of requiring a specific objection in the trial court is twofold: (1) to

---

[1] In his brief, Kinard "concedes that under Texas Rule of Evidence 608(b), specific instances of conduct are generally inadmissible for attacking the character of a witness."

inform the trial judge of the basis of the objection and give him the opportunity to rule on it;

[and] (2) to give opposing counsel the opportunity to respond to the complaint." *Id.*

As a result,

> there are no technical considerations or forms of words required to preserve an error for appeal, a party must be specific enough so as to "let the trial judge know what he wants, why he thinks himself entitled to it, and do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it."

*Id.* at 312–13 (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)).

Even when viewing the reporter's record liberally, it appears that the trial court had determined that the facts leading up to Jones's resignation were irrelevant to any issue at trial and would constitute improper impeachment. As a result, Kinard's "exception" could only be attributed to those findings by the trial court. As we have previously stated, "if a party fails to properly object to constitutional errors at trial, these errors can be forfeited," and a Confrontation Clause objection must be specifically raised to be preserved. *Garcia v. State*, 553 S.W.3d 645, 648 (Tex. App.—Texarkana 2018, pet. ref'd) (quoting *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012)).

Kinard's failure to raise a Confrontation Clause issue at trial is fatal because a "point of error on appeal must comport with the objection made at trial." *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Because nothing informed the trial court that Kinard was raising a Confrontation Clause objection, we find Kinard's sole point of error unpreserved.[2]

---

[2]Moreover, an "[a]ppellant may not complain on appeal of the exclusion of testimony in the absence of an offer of the testimony and a ruling by the trial court excluding it from evidence." *Dollins v. State*, 460 S.W.3d 696, 699 (Tex. App.—Texarkana 2015, no pet.) (quoting *Barnard v. State*, 730 S.W.2d 703, 718 (Tex. Crim. App. 1987)). Here, as the State points out, nothing shows that the trial court denied Kinard an opportunity to voir dire any witness

## II. Conclusion

Even though we overrule Kinard's sole point of error, we notice that the trial court's judgment contains a clerical error—it states that punishment was assessed by the jury. Because the record reflects that the trial court assessed punishment, we modify the trial court's judgment to show that punishment was not assessed by the jury.[3] As modified, we affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:    February 18, 2025
Date Decided:    February 19, 2025

Do Not Publish

---

about the facts underlying Jones's resignation outside the presence of the jury to elicit possible admissible impeachment evidence.

[3]"This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)). "The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* (quoting *Asberry*, 813 S.W.2d at 529–30).